

**The Commonwealth of Massachusetts**
**SUPREME JUDICIAL COURT**
FOR SUFFOLK COUNTY
JOHN ADAMS COURTHOUSE
ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

MAURA S. DOYLE
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117
ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

August 21, 2020

Robert M. Farrell, Clerk of Court
U.S. District Court for the District of Mass.
One Courthouse Way
Boston, MA  02110

RE:  S.J.C. No. BD-2020-045

     IN RE: KENNETH A. FINN

Dear Clerk Farrell:

   Enclosed please find a CERTIFIED COPY of the Memorandum and Order entered on August 21, 2020 by order of the following Justice of the Supreme Judicial Court:  Kafker, J.

                                   Very truly yours,

                                   Maura S. Doyle, Clerk

Enclosures
cc:  Clerk of Court, United District Court  -  CERTIFIED COPY
     Honorable Paul C. Dawley, Chief Justice

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            NO: BD-2020-045


IN RE: Kenneth A Finn

ORDER OF TERM SUSPENSION

This matter came before the Court, Kafker, J., on an Information and Record of Proceedings pursuant to S.J.C. Rule 4:01, § 8(6), with the recommendation and vote of the Board of Bar Overseers (Board) recommending that the lawyer be suspended for a period of six (6) months, and be required to undergo a reinstatement hearing pursuant to S.J.C. Rule 4:01, § 18 (2)(4) and (5) filed by the Board on June 26, 2020.

On July 8, 2020, an Order of Notice issued and was served on the lawyer in the manner specified pursuant to S.J.C. 4:01, § 21, directing him to appear before this Court on August 12, 2020. Counsel for the lawyer filed a request that the hearing be held remotely, which was granted by the Court. After a telephone hearing was held, with all parties participating, and in accordance with the Memorandum of Decision, it is ORDERED that:

1.  Kenneth A Finn is hereby suspended from the practice

of law in the Commonwealth of Massachusetts for a period of six (6) months.

2. In accordance with S.J.C. Rule 4:01, § 17(3), the suspension shall be effective thirty days after the date of the entry of this Order. The lawyer, after the entry of this Order, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature. During the period between the entry date of this Order and its effective date, however, the lawyer may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to

the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been suspended; that he is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that

have not been earned; and

    g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

    a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

    b) a schedule showing the location, title and account

number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by

paragraph 3 of this Order;

b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Kafker, J.)

/s/ Maura S. Doyle
Maura S. Doyle, Clerk

Entered: August 21, 2020

A True Copy Attest

8/25/20
Date

Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                 SUPREME JUDICIAL COURT
                                                                             FOR SUFFOLK COUNTY
                                                                             NO. BD-2020-045

IN RE: KENNETH A. FINN

MEMORANDUM OF DECISION

This matter came before me on an information and record of proceedings filed by the Board of Bar Overseers (board) recommending that the respondent, Kenneth A. Finn, be suspended from the practice of law for six months and be required to undergo a reinstatement hearing. The allegations contained in bar counsel's petition for discipline have been deemed admitted in light of the respondent's failure to timely file an answer. See S.J.C. Rule 4:01, § 8(3)(a). The respondent does not belatedly seek to contest bar counsel's factual allegations. Rather, the only question before me is the appropriate disciplinary sanction for the respondent's misconduct. I have reviewed the record, attached exhibits, and associated legal memoranda and I have considered the arguments of counsel. For the reasons discussed below, I conclude that a six-month suspension is appropriate.

Background. As stated, because of the respondent's default, the allegations in bar counsel's petition have been deemed admitted. See id. The respondent is a sole practitioner who was admitted to the Massachusetts bar in 1991. In 2001, the respondent was suspended from practicing law in the Commonwealth for three months due to a misrepresentation on his application for admission to the Georgia bar and his unauthorized practice of law in Georgia in the early 1990s. See Matter of Finn, 433 Mass. 418, 426 (2001).

In or about January 2012, a client retained the respondent to file suit over a slip and fall that had occurred a year prior. The respondent filed suit on behalf of the client in January 2014. The respondent failed to timely serve the defendant, however, and a judgment of dismissal was entered on May 21, 2014. The respondent filed a motion to vacate the judgment of dismissal on June 6, 2014. The motion was allowed, but the respondent did not promptly serve the defendant. The defendant was eventually served and the court defaulted the defendant on June 17, 2015. An assessment of damages hearing was subsequently scheduled for October 2015. The respondent asked to reschedule the hearing three separate times. The hearing was first rescheduled for January 2016, and then March 2016, before being rescheduled a third time to June 9, 2016. The June 9 hearing was held as scheduled, but the respondent asked another attorney to file an appearance and appear at the hearing with the client.

During the hearing, the court requested additional information and documentation to support the client's damages claim, including medical records, medical bills, and employment records. The court also expressed reluctance to assess damages where the respondent had yet to identify an insurance carrier for the defendant's premises where the slip and fall had occurred. Accordingly, the assessment of damages hearing was continued to July 6, 2016. On June 23, 2016, the respondent was notified of the court's request for additional information and documentation via e-mail by the attorney who had appeared at the hearing. Despite this, he took no steps to obtain such documentation or comply with the court's request for the client's medical records.

The respondent subsequently sought, and received, two additional continuances on the basis of requesting time to find the defendant and/or insurance carrier. The hearing was first continued to September 21, 2016 and then November 22, 2016. In the interim, on September 23,

2

2016, the client notified the respondent that the defendant's premises had been listed for sale. The respondent took no steps to seek an attachment on the property.

On November 21, 2016, the day before the now twice-continued hearing, the respondent informed the court clerk that he may have located an insurance carrier and requested yet another continuance. The hearing was rescheduled for February 28, 2017. On February 24, 2017, the respondent sought a fourth continuance, citing an unexpected medical emergency and requesting that the hearing be rescheduled for May 2017. The court instead rescheduled the hearing for March 20, 2017. The respondent's wife unsuccessfully attempted to persuade the clerk to change the hearing date.

On March 20, 2017, the respondent did not appear at the hearing or make any attempt to ask another attorney to cover the hearing for him. Two days later, on March 22, 2017, the court entered judgment dismissing the case in light of the respondent's failure to appear at the hearing.[1] That same day, the respondent informed the client that he had found an insurance carrier to pay her claim, but did not tell her that the case had been dismissed, or that he had failed to attend the hearing. During the following year, the respondent did not contact the client at all.

On July 23, 2018, over a year after the dismissal, the client checked the docket in her case and first learned that the case had been dismissed. She emailed the respondent asking for an explanation, but he did not respond. In the ensuing months, the client made additional attempts to contact the respondent by phone and e-mail, but he did not respond or otherwise get in touch with her. Finally, on January 18, 2019, in response to two recent e-mails from the client, the

---

[1] Bar counsel's petition states that the case was dismissed without prejudice. Bar counsel's brief on disposition, however, states that the case was dismissed with prejudice. The publicly available docket appears to reflect that the case was dismissed without prejudice on March 22, 2017.

3

respondent's wife called the client and admitted for the first time that the case had been dismissed.

There is no dispute that the facts establish the charged misconduct. See Mass. R. Prof. C. 1.1 (competent representation), Mass. R. Prof. C. 1.3 (diligent and prompt representation), and Mass. R. Prof. C. 1.4(a)(3), (a)(4) and (b) (keeping client reasonably informed about status, promptly complying with reasonable requests for information, and explaining matter to allow client to make informed decisions as to representation). The respondent did not file an answer to bar counsel's petition, and a default was entered on March 31, 2020. The respondent was notified that by failing to file a timely answer, the allegations in the petition were deemed admitted and the respondent had waived his right to present evidence of mitigation. The respondent was also notified that he could file a motion to remove the default, but he failed to timely file such a motion. On May 12, 2020, bar counsel filed a brief on disposition. On June 8, 2020, the board voted to recommend that the respondent be suspended from the practice of law for six months and that he be required to undergo a reinstatement hearing.[2]

Discussion. The only question presently before me is the appropriate disciplinary sanction. The respondent contends that the board's recommendation of a six-month suspension and a required reinstatement hearing is too severe, and that a public reprimand or other lesser sanction is warranted. In determining the appropriate disciplinary sanction, I give "substantial deference to the board's recommendation." Matter of Moran, 479 Mass. 1016, 1021 (2018). As a general matter, however, the disciplinary sanction must not be "markedly disparate" from sanctions imposed in comparable cases. Matter of Strauss, 479 Mass. 294, 300 (2018), quoting Matter of Slavitt, 449 Mass. 25, 30 (2007). At the same time, I need not find "perfectly

---

[2] One member of the board voted against the motion, favoring a lesser sanction and no reinstatement hearing. Another member of the board recused herself from the vote.

4

analogous cases" or be "concern[ed] . . . with anything less than marked disparity [in] the sanctions imposed." Matter of Hurley, 418 Mass. 649, 655 (1994).

In cases of neglect, absent aggravating and mitigating factors, "[p]ublic reprimand is generally appropriate where a lawyer has failed to act with reasonable diligence in representing a client or otherwise has neglected a legal matter and the lawyer's misconduct causes serious injury or potentially serious injury to a client." Matter of Kane, 13 Mass. Att'y Disc. R. 321, 327-328 (1997). By contrast, suspension is appropriate where a lawyer has not only neglected a legal matter, but has engaged in "repeated failures to act with reasonable diligence" or "a pattern of neglect" that causes serious injury or potential injury to a client. Id.

In the instant case, the respondent failed to timely serve the defendant, which initially resulted in the dismissal of his client's case. After the dismissal was vacated, the respondent repeatedly sought to reschedule the initial damages hearing, resulting in a postponement of nearly eight months. He later went on to seek four continuances of the second damages hearing, while failing in the interim to obtain the documentation requested by the court or to seek an attachment on the defendant's property prior to its sale. When the second damages hearing was finally held, close to two years after the defendant's default, the respondent did not appear or ask another attorney to file an appearance. This misconduct resulted in the dismissal of the client's case nearly two years after the defendant's default. Moreover, because the respondent failed to inform the client of the case's dismissal, the client did not learn that her case had been dismissed until over one year later, when she checked the case docket herself. Under these circumstances, the misconduct would warrant, at minimum, a public reprimand. See Matter of Kirwan, 34 Mass. Att'y Disc. R. 223 (2018) (public reprimand for respondent's failure to file interrogatories or timely file opposition to motion to dismiss, and failure to appear for court hearing that resulted

in dismissal of case); Matter of Marciello, 21 Mass. Att'y Disc. R. 451 (2005) (public reprimand where respondent failed to keep client reasonably informed and also failed to file appearance, respond to discovery requests, act promptly to reinstate dismissed case, or comply with court rules in filing motion). This case, however, also involves aggravating factors.

In aggravation, the respondent was subject to a prior three-month suspension in 2001 for a misrepresentation on his Georgia bar application and his subsequent unauthorized practice of law in Georgia. See Matter of Kane, 13 Mass. Att'y Disc. R. at 328 (prior disciplinary offenses are aggravating factor in cases of neglect). See also Matter of Murray, 455 Mass. 872, 883 (2010) ("An increased sanction may be appropriate where the attorney has a prior history of discipline, even if the prior misconduct is unrelated to the present charges."). Additionally, the respondent failed to participate in the disciplinary proceedings in this case.[3] See Matter of Gonzalez, 30 Mass. Att'y Disc. R. 168 (2014) (failure to file answer to petition for discipline and failure to participate in disciplinary proceedings are aggravating factors). But see Matter of Gustafson, 464 Mass. 1021, 1024 (2013) (mere failure to answer petition for discipline, by itself, is not sufficient to merit greater sanction). At the same time, this case does not involve mitigating factors found in other neglect cases where a sanction less severe than suspension was imposed. See, e.g., Matter of Kydd, 25 Mass. Att'y Disc. R. 341 (2009) (outright suspension not appropriate for failing to act diligently and promptly in carrying out duties as executor where respondent's misconduct was due to lack of experience and did not result in harm to estate beneficiaries); Matter of Feeney, 24 Mass. Att'y Disc. R. 271 (2008) (public reprimand

---

[3] The respondent now avers that his failure to participate in the disciplinary proceedings was due to the fact that he was advised to self-quarantine until March 7, 2020, due to the COVID-19 pandemic, and was responsible for the care of two elderly relatives. However, the petition for discipline was filed on March 6, 2020 and the respondent had twenty days from service to file an answer. See Rules of the Board of Bar Overseers, § 3.15(a)(1). Additionally, the respondent had twenty days from the notice of default issued on March 31, 2020 to move for relief from default but failed to do so. See Rules of the Board of Bar Overseers, § 3.15(h). Nor is there any indication that the respondent requested an extension of either of these deadlines.

conditioned on obtaining malpractice insurance for respondent's failure to timely file suit and failure to adequately communicate with client where respondent had made full restitution to client from personal funds and had no prior disciplinary violations); Matter of Marciello, 21 Mass. Att'y Disc. R. 451 (public reprimand for neglect where respondent was overburdened due to abrupt departure of another lawyer and respondent offered to pay reasonable compensation for client's losses); Matter of Norton, 19 Mass. Att'y Disc. R. 333 (2003) (public reprimand for failing to timely file will and failing to timely carry out duties as executor where there was no harm to life beneficiary and respondent took steps to conduct practice in more efficient matter).

   I conclude that, in light of the respondent's four-year neglect of his client's case and the resulting harm to the client, as well as the respondent's prior three-month suspension, failure to participate in the disciplinary proceedings, and the absence of mitigating factors such as actions taken to remedy the harm to the client, a suspension is appropriate. See Matter of Brunelle, 29 Mass. Att'y Disc. R. 62 (2013) (six-month suspension, stayed for two years on conditions, for neglecting client's matter and failing to keep client accurately informed of case status where respondent had prior reprimand and respondent's misconduct caused client to lose claim). The respondent contends that, even to the extent that suspension is appropriate, the aggravating factors in this case do not warrant the board's recommended duration of six months. In other cases of neglect that resulted in harm to a client and involved other misconduct or aggravating factors, attorneys have received "somewhat varying sanctions." See Matter of Anderson, 33 Mass. Att'y Disc. R. 8, 9 (2017) and cases cited. However, a six-month suspension is not markedly disparate from sanctions imposed in comparable cases. See Matter of Brunelle, supra; Matter of Fishbein, 27 Mass. Att'y Disc. R. 302 (2011) (six-month suspension in reciprocal discipline case for respondent's failure to act on client's claim or communicate that the claim was

7

not meritorious before running of statute of limitations, where respondent had two prior public censures for similar misconduct). Though the respondent contends that this case is distinguishable from Fishbein because his prior three-month suspension in 2001 did not pertain to neglect, a prior disciplinary violation need not involve the same misconduct to warrant an increased sanction. See Matter of Murray, 455 Mass. at 883. Moreover, the prior sanction imposed here -- a three-month suspension -- is more severe than the two prior censures in Fishbein.

Finally, the aggravating factors and dearth of mitigating factors in this case differ from other cases with shorter suspension periods. See Matter of Beery, 28 Mass. Att'y Disc. R. 46 (2012) (three-month suspension for abandonment of client, failure to act with competence and diligence, and failure to cooperate with bar counsel where respondent had no prior discipline and client obtained successor counsel who opted to pursue an alternative strategy from the one that respondent had been neglectful in pursuing); Matter of Hodgdon, 23 Mass. Att'y Disc. R. 295 (2007) (three-month suspension for failing to conclude administration of estate, failing to respond to client inquiries or turn over client files, and failure to provide timely accounting and refund retainer balance where respondent suffered from severe depression and alcohol abuse stemming from divorce of wife of twenty-seven years but had since begun to receive professional counseling). Accordingly, a six-month suspension remains appropriate here.

The board also voted in favor of the respondent being required to undergo a reinstatement hearing at the end of his suspension. Bar counsel had recommended that the respondent be subject to a petition for reinstatement at the conclusion of his suspension on the basis of the aggravating factors discussed above. However, other cases involving suspensions of less than one year where a similar sanction was imposed involved additional misconduct, or identified an

underlying problem that had caused or significantly contributed to the misconduct. See, e.g., Matter of Quinlan, 34 Mass. Att'y Disc. R. 488 (2018) (six-month suspension and requirement to undergo reinstatement hearing where respondent had committed misconduct in three separate client matters, including one instance of failing to refund an unearned portion of client fee, and where respondent failed to cooperate with bar counsel's investigation); Matter of Dowd, 34 Mass. Att'y Disc. R. 88 (2018) (six-month suspension and requirement that respondent petition for reinstatement where respondent neglected client matter, continued to represent client while administratively suspended from practice of law, and failed to cooperate with bar counsel's investigation, resulting in issuance of subpoena); Matter of Barrat, 20 Mass. Att'y Disc. R. 27 (2004) (respondent required to petition for reinstatement at end of six-month suspension for neglect, lack of communication, and misrepresentations in order to demonstrate that respondent had taken steps to deal with depression and disorganization that had contributed to his misconduct). The instant case does not involve additional misconduct such as misrepresentation or neglect across multiple client matters. Nor has a specific underlying problem been identified, such as substance abuse or mental illness, that would require treatment to prevent future misconduct. Accordingly, I conclude that, in these circumstances, the respondent need not petition for reinstatement at the conclusion of his suspension and may proceed in accordance with the applicable rules governing reinstatement. Pursuant to S.J.C. Rule 4:01, § 18(1)(c), bar counsel may file a notice of objections with the court when the respondent seeks reinstatement at the end of the six-month period.

Conclusion. An order shall enter suspending the respondent from the practice of law in the Commonwealth for a period of six months.

By the Court,

/s/ Scott Kafker
Associate Justice

Dated: August 21, 2020

A True Copy. Attest
8/25/20
Date          Assistant Clerk

10

